**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Theresa Catalano, Respondent,

v.

Jack Catalano, Appellant.

Appellate Case No. 2017-000531

Appeal From Lexington County
Dorothy Mobley Jones, Family Court Judge

Unpublished Opinion No. 2018-UP-318
Submitted June 1, 2018 – Filed July 11, 2018

**AFFIRMED**

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Appellant.

Theresa Catalano, of Columbia, pro se.

**PER CURIAM:** Jack Catalano (Husband) appeals a family court order requiring him to pay Theresa Catalano (Wife) for additional costs she incurred as a result of maintaining Husband as an ex-spouse on her South Carolina State Health Insurance Plan (the plan) after the South Carolina Public Employee Benefit Authority (PEBA) stopped allowing her to pay the plan's premium with pretax funds because of Husband's inclusion. On appeal, Husband argues the family court

erred by (1) interpreting the phrase "cost of this coverage" in the parties' settlement agreement (the agreement), which was incorporated into their divorce decree, as contemplating tax consequences; (2) not allowing Husband a setoff to account for the benefit Wife received in paying the plan's premium with pretax funds and receiving reimbursements from husband in posttax funds prior to PEBA's policy change; (3) requiring Husband to reimburse Wife for additional taxes she paid between PEBA's policy change and the family court's hearing because he already paid her with posttax funds; (4) awarding Wife attorney's fees; and (5) failing to award Husband attorney's fees. We affirm.

As to issues one through three, we find the family court correctly interpreted the agreement and ruled Husband was required to reimburse Wife for all costs associated with including him on the plan. *See Nicholson v. Nicholson*, 378 S.C. 523, 532, 663 S.E.2d 74, 79 (Ct. App. 2008) ("In South Carolina, the construction of a separation agreement is a matter of contract law." (quoting *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006))); *id.* ("Where an agreement has been merged into a court's decree, the decree, to the extent possible, should be construed to effect the intent of both the [court] and the parties." (quoting *Messer v. Messer*, 359 S.C. 614, 628, 598 S.E.2d 310, 318 (Ct. App. 2004))); *id.* ("A court[-]approved divorce settlement must be viewed in accordance with principles of equity and there is implied in every such agreement a requirement of reasonableness." (quoting *Ebert v. Ebert*, 320 S.C. 331, 340, 465 S.E.2d 121, 126 (Ct. App. 1995))).

In his brief to this court, Husband argued this court should reverse the family court's attorney's fees rulings only if it found error in the family court's interpretation of the agreement. Accordingly, we decline to address issues four and five. *See Thomas v. Dootson*, 377 S.C. 293, 295-96, 659 S.E.2d 253, 254 (Ct. App. 2008) (holding a party is bound by concessions made in an appellate brief); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue when the resolution of a prior issue is dispositive of the appeal).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.